Parker, J.
The plaintiff 'in error was indicted, proseouted and oonvioted in the court below on a charge of having failed to obey an order issued from a certain officer of the state respecting the removal of explosives and the alteration cf the construction of -a magazine in which said explosives were stored.
The prosecution is under sections 2578c, 2578c-l, 2573c-2, as found in Bates’ Annotated Ohio Statutes, Revision, 1897.
Section 25'73c-l provides: “That the chief state inspector of workshops and factories shall appoint from among the district inspectors of workshops and factories, whose appointments are now authorized by law, at least one inspector who shall be a skilled and experienced person, thoroughly conversant with the manufacture and use of powder, dynamite, nitro-glyoerine, fuses or other explosives and their compounds whose duty it shall be to inspect ail the manufacturing establishments in the state of Ohio wherein the manufacture of powder, dynamite, nitroglycerine, compounds, fuses or other explosives is carried on, and all magazines or store houses wherein such explosives are stored,and he shall personally inspect the process of manufacture, the handling and storage of suoh explosives and may direct and order any changes or additions *599 that he may deem necessary in or about such manufactories, magazines or store-houses for the safety of the employes and the public, etc. I read but a part of the section.
Section 2573c-2 provides that said inspector of workshops and factories shall enforce the provisions of this act under the same conditions and penalty as are applied in section 2578c, Revised Statutes; and 2573c, with the other section read into it, provides that if a person owning or controlling suoh explosives or place of manufacture or storage, who is ordered to make such removal or change as is provided for by sectiop 2573c-l, fails to do so within thirty days after notice or within such time after notice, as such alterations can be made with proper diligence, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not more than $500.00 and not less than $50.00, and $10.00 additional for each day after such conviction until such alterations and additions have been made, which fine shall be paid into the treasury of the county in which conviction is had.
It will be observed that the authority to make this inspección and issue this order — disobedience of which íb made a crime under the statute, is vested in such district inspector as shall have been appointed to that duty by the chief state inspector of workshops and factories. It will be seen that it is a very important duty, a very extensive and important authority, and the notice is of prime importance in case of a prosecution under this statute.
The indictment in this case sets forth that Willard Du Comb, one of the district'inspectors of workshops and factories in and for the state ot Ohio, and “inspector of high explosives” in and for said state aforesaid, made this inspection and made this order, which it is charged the defendant disobeyed or failed to comply with. The title of ‘inspector of high explosives” is not given to this officer by the statute. There does not seem to be any such office or any such officer under the statutes of Ohio. As a matter of convenience in the administration of the affairs of the office of chief inspector of workshops and factories, it appears they have adopted this name and have applied it to a certain district inspector, and perhaps to the district inspector who was appointed under section 2573c-l, to perform these particular duties, but it is not so charged in the indictment.
Following the indictment all the way through, this officer is described as an inspector ot high explosives in and for the state of Ohio. It is nowhere stated that he was a district inspector of workshops and factories and that he was ap *600 pointed by the chief state inspector of workshops and factories to perform this particular duty. It does not appear, from the indictment, that the person who made this inspection and issued this order was authorized by law to make the inspection or issue the order. It doss not appear from the indictment that the defendant was in default or had committed any crime by reason of his failure or refusal to obey and observe an order issued lyone authorized to make it. He committed no crime in failing to obey an order issued to him by one who was simply an inspector of high explosives in and for the state of Ohio, whatever and whoever that may be.
We hold, therefore, that the indictment in this particular is defective, and that the defect is of that character that the demurrsr tc the indictment should have been sustained, and that the court erred in not sustaining the demurrer to the indictment.
Very many questions that are debated before us here have already been passed upen by this court in the case of Corthell v. The State of Ohio, 11 Circuit Court Reports, 570, and we have net re-examined these questions. We are content with the conclusions arrived at in that case. There are other questions noted which are not likely to again arise upon a retrial cf this case. Such questions with respect to the omission and rejection of evidence, and certain things in the charge of the ccuit, we will not take time to consider particularly. There is one matter, however, that we will call attention te so that the same error may not be fallen into again. We hold that even if this notice had emanated from the proper authority, there is not sufficient evidence in this record of the service of the notice upon the defendant. The testimony upon the subject of the notice, I will read. E. H. Slack, an employe in the office of the chief inspector, called asa witness for the state, gives the only testimony upon this point. The important part is as follows:
“Q. I will ask you to whom you delivered a copy of the order which you hold in your hand? A. To C. S. Corthell, Manager, Findlay; mailed it to him.
“Q. Did you place the address of O. S. Corthell, Findlay, Ohio, on the envelope? A. Yes.
“Q. That you placed in the postoffice and duly stamped? A. Yes.
Cross-Examination.
“Q. Are you the mail carrier in your department? A. Nc.
“Q. Who carries the mail, who delivers the letters that *601 are written over to the pnstoffice? A. We have a messenger.”
George Phelps, for Plaintiff in Error.
G. H. Withey, Prosecuting Attorney, for State.
It was suggested here that so far a3 appears from the record, this messenger may have been an .employe of the United States, a mail carrier,and not a private messenger; but we think it fairly appears from this answer that the messenger was not of this character, but was a messenger in the office Gf the state inspector of workshops and factories.
‘‘Q. What is his name? A. Frederick Shoub.
‘‘Q. When a letter is written it is left in a box and delivered to the postoffice? A. This was not.
‘‘Q. Did you deliver personally? A. No.
‘‘Q Who did? A. Messenger.
“Q. How do you know? A. I placed it in his hands.
"Q. Now, you have been telling us you mailed when you placed in the hands of a messenger? A. Yes.
“Q. You don’t know he mailed it? A. We have reasons to believe he did. ”
We repeat that upon notice of this order, if the order is not obeyed or observed, the person notified,or the person to whom it is addressed, becomes guilty of a crime, and subject to heavy penalties; therefore, the rules upon the subject of notice requiring that actual notice shall be given where no other kind of nutice is especially provided for by the statutes, should be strictly chserved and adhered to in a case of this character.
The general rule on tins subject is stated in the case of Moore v. Given, 39 Ohio St., 661, as follows: ‘‘Where a statute requires notice of a proceeding, but is silent concerning its form or the manner of service,actual notice will alone satisfy such requirement.”
Whether evidence that this notice was sealed in an envelope properly addressed, stamped and mailed at the post-office, would be sufficient, we do not consider or pass upon, but we hold that the proof of service in this case was net sufficient.
The judgment will be reversed and the defendant di« oharged.